UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 19-20494

Honorable Nancy G. Edmunds

v.

KENNETH KEVIN JOHNSON,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
EMERGENCY MOTION FOR RELEASE FROM CUSTODY [31]**

Defendant Kenneth Kevin Johnson pleaded guilty in this case to drug and firearm offenses and is currently in detention awaiting sentencing. The matter is now before the Court on Defendant's emergency motion for release from custody with conditions. (Dkt. 31.) The government opposes the motion. (Dkt. 32.) Defendant has filed a reply. (Dkt. 33.) The Court finds that the facts and legal arguments are adequately presented in the motion and briefs. Therefore, Defendant's motion will be decided without a hearing. For the reasons set forth below, the Court DENIES Defendant's motion.

**I.    Background**

A complaint was filed in this matter on April 25, 2019. (Dkt. 1.) Defendant was arrested and brought before Magistrate Judge Mona K. Majzoub, who ordered him detained pending a detention hearing. (Dkt. 6.) After a hearing which took place on June 10, 2019, Magistrate Judge Anthony P. Patti ordered Defendant detained pending trial. (Dkt. 9.) He found that the government had proven by clear and convincing evidence that no condition or combination of conditions of release would reasonably

1

assure the safety of any other person and the community because 1) the weight of the evidence against the defendant is strong; 2) he is subject to a lengthy period of incarceration if convicted; 3) he has a prior criminal history; and 4) he has a history of violence and use of weapons. (*Id.* at PgID 19-20.) Magistrate Judge Patti further stated in his order:

> The Court's findings and reasons for ordering detention, including its consideration of the factors listed in 42 U.S.C. § 3142(g),[1] were stated on the record at the June 10, 2019 hearing and are fully incorporated by this reference. At that time, the Court found probable cause to believe that the defendant committed the crimes charged in the complaint and that there is, accordingly, a presumption in favor of detention in this case. Defendant has not overcome that presumption. Even if the defendant had overcome the presumption in favor of detention, the Court alternatively finds by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the safety of the community. The evidence was discussed on the record in support of the Court's reasoning, and includes, but is not limited to evidence that: (1) Residences associated with the defendant were searched and found to contain large amounts of illegal narcotics (cocaine, heroin and fentanyl) and loaded firearms, including assault weapons; (2) During one of the searches, Defendant and others delayed obedience to the command of law enforcement in an effort to destroy evidence of narcotics and Defendant was found with a white powdery substance and a large amount of cash on his person; (3) An assault rifle was found in the bedroom shared by Defendant, who is a convicted felon, and his wife; (4) Defendant has two prior felony drug convictions, one prior weapons conviction, and a juvenile conviction for homicide.

(*Id.* at PgID 20.)

---

[1] Under § 3142(g), "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court considers the following factors: 1) the nature and circumstance of the offense charged, (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

On July 24, 2019, Defendant was charged in an indictment with five counts: three counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (Dkt. 12.) On August 7, 2019, Defendant filed a motion for bond. (Dkt. 16.) After conducting a motion hearing, the Court denied Defendant's motion.

On December 5, 2019, pursuant to a Rule 11 plea agreement, Defendant pleaded guilty to one count of possession with intent to distribute a controlled substance (cocaine) (Count 1) and one count of possession of a firearm in furtherance of a drug trafficking crime (Count 5). (Dkt. 24.) As set forth in the plea agreement, the government believes the guideline range should be 111-123 months, while Defendant recommends the Court find the guideline range to be 72-78 months.

On March 17, 2020, Defendant once again moved for his release. (Dkt. 25.) As the basis for his motion, he argued that he did not receive the medical treatment he needed for his severe back pain while being held in the Livingston County Jail. He acknowledged that he had been transferred to Federal Detention Center (FDC) Milan but asserted that he was still not able to receive the appropriate treatment. The government responded by arguing that Defendant's medical records from the Livingston County Jail reveal that Defendant was not cooperating with the medical professionals at the facility. (Dkt. 26.) The Court denied Defendant's motion. (Dkt. 29.)

Defendant brought the present motion on April 10, 2020. Defendant now argues that he should be released due to the health concerns associated with the COVID-19 pandemic.

## II. Analysis

### A. Defendant does not meet the requirements of release under § 3143(a)(2).

Once a defendant has pleaded guilty, 18 U.S.C. § 3143(a) governs the release or detention of the defendant pending sentencing. Because Defendant is awaiting sentencing for an offense under the Controlled Substances Act that carries a maximum term of imprisonment of at least ten years, his release is governed by § 3143(a)(2), which sets forth that:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
> (A)
> > (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> >
> > (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; *and*
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

*Id.* (emphasis added).

Here, Defendant pleaded guilty and waived his right to appeal as part of his Rule 11 plea agreement. Thus, there is no basis upon which a motion for acquittal or new trial could be granted. And because the guideline range is either 111-123 or 72-78 months of imprisonment, the government will not recommend that no sentence of

imprisonment be imposed on Defendant. And even if Defendant could establish the first prong of the statute, the Court has already determined that the government has proven by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community. The only new facts Defendant points to is the COVID-19 pandemic and the "stay-at-home" order that is currently in effect in our state. However, the Court finds that these facts do not tip the balancing of the relevant factors in favor of release. Nor do they alleviate the Court's concerns regarding the danger posed by Defendant's potential release. In sum, Defendant does not meet the requirements for release under § 3143(a)(2).

### B. Defendant has not shown that there are exceptional reasons why his detention is inappropriate.

"A defendant subject to detention under § 3143(a)(2) may be released if it is 'clearly shown,' among other things, that there are 'exceptional reasons' why his detention is inappropriate." *United States v. Christman*, 596 F.3d 870, 870 (6th Cir. 2010) (quoting 18 U.S.C. § 3145(c)).[2]

Defendant argues that he should be released to a third-party custodian, such as his wife, due to the risk of COVID-19 transmission while in detention. He argues that he faces a heightened risk due to his hypertension. The government responds by arguing that generalized concerns regarding COVID-19 do not constitute exceptional circumstances. The government also argues that there is no evidence in the record

---

[2] While the government acknowledges that a district court has the authority to make a finding of "exceptional reasons" and release a defendant under § 3145(c), it argues that for Defendant to fall within this narrow exception, the Court must also have found that he is not likely to flee or pose a danger to the community. In light of the Court's finding that there are no exceptional circumstances in this case, there is no need to discuss this issue.

5

supporting Defendant's assertion that he suffers from hypertension.[3]  The government notes that as of April 13, 2020, only two inmates at FDC Milan, where Defendant is housed, had tested positive for COVID-19.  Fifteen staff members that work at Milan, some of whom work at the detention center, had also tested positive for the virus.  Finally, the government details the precautionary measures undertaken at the facility to reduce the risk and spread of the virus.

The Court finds that Defendant's generalized concerns about the risk of contracting the virus while in detention do not constitute exceptional reasons that warrant his release under § 3145(c).  While Defendant asks the Court in his reply brief to hold the record open so that he may submit additional evidence of his hypertension, the Court finds that this is unnecessary.  Even if Defendant does indeed have hypertension and even if this does create a higher risk of any complications if he contracts the virus, this risk does not amount to exceptional circumstances warranting his release.  The BOP has instituted precautionary measures to mitigate the spread of the virus.  And while housed at FDC Milan, Defendant has access to on-site medical professionals to monitor his health and the health of those around him and to refer him to a medical facility if needed for further evaluation and treatment.  There is nothing in the record to suggest that Defendant's medical needs would not be met if he contracts the virus while in detention.

Moreover, to the extent Defendant has been or will be exposed to the virus, his release would create additional risks of transmitting the virus to the public at large.  The

---

[3] The government notes that Defendant's medical history form completed in the Livingston County Jail states "no" for "high/low blood pressure" with a comment that it "has been high before [sic] not currently on medication for it."

6

Court also finds that releasing a defendant who poses a risk of danger to the community creates additional risks to public safety, especially because pretrial service officers and local law enforcement officers are operating under the strain of limited resources. In sum, Defendant is not entitled to release under § 3145(c).

### III. Conclusion

For the foregoing reasons, Defendant's emergency motion for release from custody is DENIED.

SO ORDERED.

s/Nancy G. Edmunds<br>
Nancy G. Edmunds<br>
United States District Judge

Dated: April 23, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 23, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett<br>
Case Manager