UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KENNETH KEVIN JOHNSON,

    Defendant.

_____/

Case No. 19-20494

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [48]**

Defendant Kenneth Kevin Johnson is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Detention Center in Milan. The matter is before the Court on Defendant's motion for compassionate release. (ECF Nos. 48, 49, 52.) The government opposes the motion. (ECF Nos. 54, 55.) Defendant has filed a reply. (ECF No. 56.) The Court has reviewed the record in its entirety and finds that a hearing is not necessary. For the reasons set forth below, the Court DENIES Defendant's motion for compassionate release.

**I.    Background**

A complaint was filed in this matter on April 25, 2019. (ECF No. 1.) Defendant was arrested and brought before Magistrate Judge Mona K. Majzoub, who ordered him detained pending a detention hearing. (ECF No. 6.) After a hearing which took place on June 10, 2019, Magistrate Judge Anthony P. Patti ordered Defendant detained pending trial. (ECF No. 9.)

On July 24, 2019, Defendant was charged in an indictment with five counts: three counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  (ECF No. 12.)  On August 7, 2019, Defendant filed a motion for bond.  (ECF No. 16.)  After conducting a motion hearing, the Court denied Defendant's motion.

On December 5, 2019, pursuant to a Rule 11 plea agreement, Defendant pleaded guilty to one count of possession with intent to distribute a controlled substance (cocaine) (Count 1) and one count of possession of a firearm in furtherance of a drug trafficking crime (Count 5).  (ECF No. 24.)  On March 17, 2020, Defendant once again moved for his release, arguing he did not receive the medical treatment he needed for his severe back pain while being held in the Livingston County Jail.  (ECF No. 25.)  He acknowledged that he had been transferred to FDC Milan but asserted that he was still not able to receive the appropriate treatment.  The government responded by arguing that Defendant's medical records from the Livingston County Jail revealed that Defendant was not cooperating with the medical professionals at that facility.  The Court denied Defendant's motion.  (ECF No. 29.)  On April 10, 2020, Defendant filed an emergency motion for release from custody due to the health concerns associated with the COVID-19 pandemic.  (ECF No. 31.)  The Court denied that motion as well.  (ECF No. 34.)

On September 17, 2020, the Court held a sentencing hearing in which it found the guidelines range in this case to be 111 to 123 months of imprisonment.  (ECF No.

44.) Upon a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Defendant to a term of imprisonment of 12 months on Count 1 and 60 months on Count 5, to be served consecutively. (ECF Nos. 43, 44.) The Court made a recommendation to the BOP that Defendant be placed at a BOP Medical Facility, specifically FCI Butner, so that he may receive the medical care he needs. Defendant did not file a direct appeal.

On September 23, 2020, Defendant submitted an administrative request for his release to the warden at his facility. (ECF No. 48-7.) That request was denied. (ECF No. 48-8.) On January 7, 2021, Defendant, through counsel, filed his current request for release. Defendant remains in Milan but believes he will be transferred soon. Defendant argues his release is warranted due to 1) his painful back condition,[1] 2) the risk of re-contracting COVID-19, and 3) his wife's need for assistance following a recently diagnosed medical condition. Defendant is 45 years old and his projected release date is currently July 14, 2024.

## II. Analysis

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the

---

[1] Defendant states he has lumbar radiculopathy due to complications from several spinal surgeries he had following a car accident that took place in 2014. His medical condition is substantiated in part by a 2018 decision from the Social Security Administration finding him disabled. (ECF No. 52-1.)

3

> unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
> . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The statute thus allows a sentencing court to reduce the term of imprisonment of a defendant once the exhaustion requirement has been satisfied. Before granting compassionate release pursuant to § 3582(c)(1)(A), a court must conduct the following "'three-step inquiry:' the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction,' ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' and 'consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a).'" *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). The Sixth Circuit has held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 is not an applicable policy statement for compassionate release motions brought directly by defendants. *Id.* at 519. Thus, in such cases, a court need not consider § 1B1.13 and has the full discretion to define "extraordinary and compelling." *Id.* at 519-20.

### A. Whether Defendant Exhausted His Administrative Remedies

The government concedes that Defendant has exhausted his administrative remedies with regard to the first two grounds for relief (the concerns associated with his back condition and the COVID-19 pandemic) but argues that he has not done so with his third argument (his spouse's need for care).

4

The Sixth Circuit has held that the administrative exhaustion requirement is mandatory and "must be enforced" when "properly invoked." *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). In so doing, the court noted that the exhaustion requirement ensures that prison administrators can both "prioritize the most urgent claims" and "investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." *See id.* at 835.

Here, Defendant raised his back condition and hypertension in his administrative request. Thus, the warden had the opportunity to address Defendant's request in large part. While Defendant did not mention his spouse in that request, many courts have held that § 3582(c)(1)(A) does not impose an issue exhaustion requirement. *See, e.g.*, *United States v. Haynes*, No. 14-20083, 2020 U.S. Dist. LEXIS 145107, at *4 (E.D. Mich. Aug. 13, 2020) (stating that "[t]he exhaustion requirement should not be applied hyper-technically, and the request to the warden need not be identical in detail or specificity to the motion made in court") (internal quotation marks and citation omitted). Therefore, the Court may address Defendant's request in its entirety. Further, as discussed below, the Court finds that Defendant is not entitled to the relief he seeks irrespective of his spouse's health condition.

    **B.**    **Whether Defendant is Entitled to a Sentence Reduction**

The government argues there are no extraordinary and compelling reasons warranting a sentence reduction in this case and that the sentencing factors set forth in § 3553(a) weigh against Defendant's release. Because the Court agrees that a sentence reduction would be inconsistent with the sentencing factors, it need not address whether Defendant's concerns constitute extraordinary and compelling

5

reasons. *See Elias*, 984 F.3d at 519 (a court may deny a compassionate release motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others").

Prior to granting a sentence reduction under § 3582(c)(1)(A), the Court must consider the sentencing factors in § 3553(a) to the extent that they are applicable. These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, protection of the public, and the need to avoid unwarranted sentencing disparities. *See* § 3553(a).

Here, the Court found a weighing of the sentencing factors warranted a 72-month term of imprisonment just a few months ago. The Court was aware of Defendant's health conditions, including both his back condition and hypertension, at the time. While Defendant continues to take issue with the medical care he is receiving while incarcerated, the record shows that the BOP has provided him with at least some medical care for his health conditions. (ECF No. 55.) Defendant also states that he may not be placed at FCI Butner as the Court recommended,[2] but the Court recognized when making its recommendation that it was non-binding on the BOP. *See* ECF No. 44, PgID 639; *Tapia v. United States*, 564 U.S. 319, 331 (2011). The Court was also aware of the risks associated with the COVID-19 pandemic. In fact, Defendant has since been infected with the virus but has recovered. (ECF No. 55-12, filed under seal.)

---

[2] The record is unclear on this point. In his motion, Defendant states he believes he will be transferred to FCI Elkton in Lisbon, Ohio, rather than the Butner facility recommended by the Court. In his reply, however, Defendant asserts he is not sure where he will be transferred to.

In addition, the Court was informed of Defendant's spouse's medical condition. (ECF No. 44, PgID 629-30.) The only new fact is that she has experienced a fall. While unfortunate, however, Defendant's ongoing health and family concerns do not tip the weighing of the relevant factors in favor of release. As the Court noted at sentencing, Defendant's underlying offense "was an egregious offense," involving "[a] lot of drugs." (ECF No. 44, PgID 637.) Defendant was ultimately sentenced to a term of imprisonment below the guidelines range, and he has only served approximately one-third of that sentence thus far. Therefore, a sentence reduction would not reflect the seriousness of the offense or promote respect for the law, deterrence, and the need to avoid unwarranted sentencing disparities. Accordingly, the Court finds that Defendant has not shown he is entitled to the relief he seeks.

### III.    Conclusion

For the foregoing reasons, Defendant's motion for compassionate release is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 9, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 9, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager