UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                           Case No. 19-20494

v.                                                       Honorable Nancy G. Edmunds

KENNETH KEVIN JOHNSON,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S RENEWED
MOTION FOR REDUCTION OF SENTENCE [60]**

Defendant Kenneth Kevin Johnson is currently in the custody of the Federal Bureau of Prisons ("BOP") at Federal Satellite Low ("FSL") Elkton in Lisbon, Ohio. On September 17, 2020, Defendant was sentenced in this case to a term of imprisonment of 72 months, a below guideline sentence. (ECF Nos. 43, 44.) And on February 9, 2021, the Court entered an order denying Defendant's first motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 58.) The matter is now before the Court on Defendant's renewed motion for a sentence reduction, also brought under the authority of § 3582(c)(1)(A).[1] (ECF No. 60.)

In its first order denying compassionate release,[2] the Court noted it had been aware of Defendant's health conditions (his back condition and hypertension), the risks

---

[1] Defendant's first motion for compassionate release was filed through counsel. Defendant now brings this motion pro se.

[2] Defendant argues the Court is no longer constrained by the language of U.S.S.G. § 1B1.13 as it was previously. However, the Court's first order was issued after the Sixth Circuit's decision in *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021). Thus, the Court acknowledged in its order that § 1B1.13 is not an applicable policy statement for compassionate release motions brought directly by defendants and that a court has the

1

associated with the COVID-19 pandemic, and Defendant's family concerns at the time of the original sentencing. The Court also made note of the fact that Defendant had been infected with the virus but ultimately found that the 18 U.S.C. § 3553(a) sentencing factors do not support a sentence reduction. Defendant now repeats many of the same arguments he has presented to the Court several times in the past. The only new circumstance is that he was admitted to the hospital in May and underwent a cardiac catheterization. The Court finds this is not sufficient to alter the weighing of the sentencing factors in favor of release. And Defendant himself acknowledges that the BOP has recognized the seriousness of his medical conditions and enrolled him in FSL Elkton's chronic care clinic. For the foregoing reasons and the reasons set forth in the Court's previous order, Defendant's renewed request for a sentence reduction is DENIED.

    SO ORDERED.

                                   s/Nancy G. Edmunds
                                   Nancy G. Edmunds
                                   United States District Judge

Dated: August 16, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 16, 2021, by electronic and/or ordinary mail.

                                   s/Lisa Bartlett
                                   Case Manager

---

full discretion to define "extraordinary and compelling." See ECF No. 58, PageID.882 (citing *Elias*, 984 F.3d at 519-20). This issue is inapposite, however, because the Court did not make a finding as to extraordinary and compelling reasons and instead based its decision on the statutory sentencing factors.