UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KENNETH KEVIN JOHNSON,

    Defendant.

Case No. 19-20494

Honorable Nancy G. Edmunds

_____/

**ORDER DENYING DEFENDANT'S MOTION
FOR SENTENCE REDUCTION [72]**

Defendant Kenneth Kevin Johnson is currently in the custody of the Federal Bureau of Prisons ("BOP") serving the remainder of the sentence imposed by this Court in home confinement. Before the Court is Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 72.) The government opposes the motion. (ECF No. 74.) Defendant has filed a reply. (ECF No. 76.) The Court has reviewed the record and finds that a hearing is not necessary. For the reasons below, the Court DENIES Defendant's motion.

**I.    Background**

On December 5, 2019, Defendant pled guilty to two of the five counts in the indictment in this case—one count of possession with intent to distribute a controlled substance (cocaine) in violation of 21 U.S.C. § 841(a)(1) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (ECF No. 24.) On September 17, 2020, the Court held a sentencing hearing in which it found the guidelines range in this case to be 111 to 123 months of imprisonment. (ECF No. 44.) Upon a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a),

1

the Court sentenced Defendant to a term of imprisonment of 12 months on Count 1 and 60 months on Count 5, to be served consecutively. (ECF Nos. 43, 44.) While Defendant is not projected to be released from BOP custody until August 2024, he was transferred to a halfway house on or about January 11, 2023. (*See* ECF No. 74-2.) Defendant acknowledges that he has been released from imprisonment but moves for a sentence reduction so that he is no longer constrained by the requirements of home confinement. He argues that release from BOP custody will allow him to more easily care for his aging father who has dementia and undergo a surgery needed for his serious back condition. Defendant also asserts that COVID-19 restrictions made his sentence harsher than a sentence served prior to the pandemic.

This is not the first time Defendant has moved for relief under § 3582(c)(1)(A). His prior requests were denied after the Court found the § 3553(a) factors not to support a sentence reduction. (ECF Nos. 58, 61.) On appeal, the Sixth Circuit affirmed. *See United States v. Johnson*, 2022 U.S. App. LEXIS 3794, at *6 (6th Cir. Feb. 10, 2022) (noting that the Court had considered the § 3553(a) factors three times in less than a year). The Court now considers Defendant's most recent request for a sentence reduction.

II.     Analysis

The compassionate release provision set forth in § 3582(c)(1)(A) allows district courts to reduce a term of imprisonment for "extraordinary and compelling reasons." *See United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020). Under this provision, a defendant may bring such a motion on his own behalf after 1) exhausting the BOP's administrative process, or 2) thirty days have passed from the warden's receipt of a request for release from the defendant—whichever is earlier. *Id.* at 1105. Before granting

relief, a court must conduct the following "'three-step inquiry:'" the court must 1) "'find' that 'extraordinary and compelling reasons warrant a sentence reduction,'" 2) "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,'" and 3) "'consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a).'" *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101). At the time of the filing of Defendant's motion, there were no applicable policy statements for defendant-filed motions.[1] *See id.* at 519.

Defendant states that he exhausted his administrative remedies by sending a letter to the director of the residential reentry office that supervises him. The government states that it was unable to verify receipt of that letter. But even if the Court were to assume that Defendant satisfied the exhaustion requirement and could show extraordinary and compelling reasons, a sentence reduction is not appropriate here.

Prior to granting relief under § 3582(c)(1)(A), the Court must consider the sentencing factors in 18 U.S.C. § 3553(a) to the extent that they are applicable. These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, protection of the public, and the need to avoid unwarranted sentencing disparities. *See* § 3553(a).

---

[1] The relevant policy statement was recently amended and, as of November 1, 2023, applies to motions filed directly by defendants. *See* U.S.S.G. § 1B1.13. Defendant urges the Court to consider the new statement. Because the Court concludes that the sentencing factors do not support a sentence reduction, there is no need to address the new policy statement or otherwise consider whether there are extraordinary and compelling reasons for relief.

Here, the Court was aware of both the pandemic and Defendant's back condition at the time of sentencing and fashioned a sentence below the guidelines range. Defendant argues that his release to home confinement demonstrates that he is not a danger to society. He also states that he has been found by BOP officials to pose a low risk of recidivism. But protection of the public is only one of the relevant sentencing factors. The Court previously found that a sentence reduction would not be consistent with several of the other factors—specifically, the need to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, and avoid unwarranted sentencing disparities. (*See* ECF No. 58, PageID.885.) While the Court commends Defendant on his efforts to rehabilitate himself, that analysis remains true today. Also, Defendant's release to home confinement may not—in his view—completely eliminate the concerns related to his health and his family's health, but it—at the least—alleviates those concerns. Accordingly, the Court denies Defendant's motion.

### III. Conclusion

For the foregoing reasons, Defendant's motion for a sentence reduction is DENIED.

SO ORDERED.

                s/Nancy G. Edmunds
                Nancy G. Edmunds
                United States District Judge

Dated: December 4, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 4, 2023, by electronic and/or ordinary mail.

                s/Lisa Bartlett
                Case Manager